

## CITATION

D353318

| | | |
|---|---|---|
| **MARY KENNER** | **CLERK OF COURT** | **DOCKET NUMBER: C-20220002669**<br>*Division: F*<br>*21st Judicial District Court*<br>*Parish of Tangipahoa*<br>*State of Louisiana* |
| **VS** | | |
| **WINN DIXIE MONTGOMERY LLC** | | |

*To:*   *WINN DIXIE MONTGOMERY LLC*          *Parish of EAST BATON ROUGE*
         THRU ITS REGISTERED AGENT FOR SERVICE OF
         PROCESS:
         CORPORATION SERVICE COMPANY
         501 LA SECRETARY OF STATE
         BATON ROUGE, LA
         70801

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana. You are the named defendant in the above captioned matter. Attached to this citation is a:*

    X   Certified Copy of Original Petition
        Certified Copy of Amended Petition
        Discovery Request

**Article 1001 of the Louisiana Code of Civil Procedure states:**
**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
**C.** The Court may grant additional time for answering.
**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10)** days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.
                    **THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**
*This service was requested by D'AUNOY, DONALD G and was issued by the Clerk of Court on SEPTEMBER 1, 2022.*

<u>*Pleading Served*</u>
*PETITION FOR DAMAGES, AND NOTICE OF ADDRESS ASSIGNMENT*

                                        *Kallin Leto*
                                        _____
                                        Deputy Clerk of Court for
                                        *GARY STANGA*, Clerk of Court

### SERVICE INFORMATION

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above-named party as follows:*

**Personal Service** *on the party herein named _____.*

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

*Returned: Parish of _____ this _____ day of _____, 20_____.*

Service    $_____
Mileage    $_____
Total   $_____          *By:* _____
                            *Deputy Sheriff*

### SERVICE

Tangipahoa Parish Clerk of Court  20220002669
Filed Aug 31, 2022 2:27 PM          F
Kelsey Miller
Deputy Clerk of Court

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

CASE NO:                                                      SECTION:

MARY KENNER

VERSUS

WINN-DIXIE MONTGOMERY, LLC

FILED:_____     _____
                                            DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, Mary

Kenner, who files this Petition for Damages and represents the following:

I.

Made petitioner herein is:

1.  Mary Kenner, a person of full age and majority and domiciled in Orleans Parish.

II.

Made defendant herein is:

1.  Winn-Dixie Montgomery, LLC, a foreign limited liability company authorized to

    do and doing business in the State of Louisiana with its principal place of business

    in Amite, Louisiana (Tangipahoa Parish).

III.

The defendant is responsible and liable jointly, severally, solidarily and/or

vicariously to petitioner because of a September 4, 2021 accident in Orleans Parish.

IV.

Petitioner, Mary Kenner, was a business invitee of the Winn Dixie store located at

9701 Chef Menteur Hwy New Orleans LA 70127.  The subject store had recently

reopened after Hurricane Ida and failed to secure overhead signage and panels.  Ms.

Kenner was struck in the head by a panel/sign that fell from the ceiling.

1

Certified True and
Correct Copy
CertID: 2022090100157

Kallin Leto

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
9/1/2022 1:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

V.

As a consequence of the accident, petitioner, Mary Kenner, suffered and continues to suffer from multiple injuries of past, present and continuing nature. Petitioner has undergone medical treatment and continues to treat for her injuries.

VI.

The sole and proximate cause of the injuries and damages sustained by petitioner was the joint, concurrent, successive, solidary and/or several negligence of the defendant, Winn-Dixie Montgomery, LLC d/b/a Winn Dixie, and/or the negligence of its agents and employees, which negligence consisted of the following acts and/or omissions:

1. Failure to maintain the ceiling and its ceiling signs and panels in a reasonably safe condition;
2. Failure to safeguard the premises to protect plaintiff as a business invitee against the possibility of loose items falling from the ceiling;
3. Failure to warn business invitees of the possibility of falling objects;
4. Failure to discover and correct dangerous conditions existing on the premises;
5. Failure to inspect the premises for dangerous conditions, foreign substances and/or other unsafe conditions on the premises;
6. Failure to ensure that the store was safe to shop in after Hurricane Ida; and,
7. Other negligence which may be proven at trial of this matter.

VII.

As a result of the accident and negligence described above, petitioner, Mary Kenner, is owed the following damages:

1. Past, present and future physical pain and suffering;
2. Past, present and future mental anguish, aggravation, annoyance and inconvenience;
3. Scarring on her face;
4. Past, present and future disability (bodily and mental);
5. Past, present and future medical expenses;
6. Past, present and future lost wages;

2

**Certified True and Correct Copy**
CertID: 2022090100157

Tangipahoa Parish
Deputy Clerk Of Court

*Kallin Leto*

Generated Date:
9/1/2022 1:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

7.  Loss of enjoyment of life;

8.  Loss use/function of body parts;

9.  Past, present and future emotional damages and psychological suffering; and,

10. Destruction of earning capacity.

### VIII.

Defendant, Winn-Dixie Montgomery, LLC, is jointly, severally, solidarily and vicariously liable and responsible to petitioner for the acts and/or omissions of negligence and damages caused by its employees during the course and scope of said employees' employment.

### IX.

The defendants, Winn-Dixie Montgomery, LLC is jointly, severally, solidarily and vicariously liable and responsible to petitioner for the negligence and damages described above.

### X.

Defendant is also vicariously, solidarily, jointly and severally liable to plaintiff under the Doctrine of Strict Liability as expressed in Louisiana Civil Code, particularly Articles 660, 2317 *et seq.*, and 2322.  Defendant had garde, custody, control and ownership of the ceiling and its signs and panels at all pertinent times.  Defendant owned, operated, controlled and had custody of the signage, panels and ceiling at issue.  The fallen ceiling panel/sign in question was an unreasonable premises defect because it was not securely fastened.  Defendant knew or, in the exercise of reasonable care, should have known that the damage could have been prevented by the exercise of reasonable care, and defendants failed to exercise such reasonable care.

### XI.

Petitioner pleads the doctrine of *res ipsa loquitor* and further pleads that the accident, injuries and damages would not have occurred in absence of the negligence of Winn-Dixie Montgomery, LLC.

3

**Certified True and Correct Copy** CertID: 2022090100157

*Kallin Leto*

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
9/1/2022 1:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

XII.

Petitioner reserves the right to amend this petition as necessary concerning damages and other pertinent facts necessary for the prosecution of said matter.

XIII.

Pursuant to La. C.C.P. art. 893, petitioners avers that her claims for damages exceed $50,000, the amount requisite for a jury trial, but reserves the right to amend as circumstances may dictate.

WHEREFORE, petitioner prays that defendant be cited and served and that after due proceedings are had there be judgment in favor of petitioner and against defendant jointly, severally, solidarily and vicariously for (1) such sums as are reasonable, (2) judicial interest from the date of judicial demand until paid, (3) all costs of this action, (4) all general and equitable relief, and (5) expert witness fees.

Respectfully submitted:

LAW OFFICE OF DONALD D'AUNOY JR, LLC

Donald D'Aunoy Jr. #31128
525 Clay Street
Kenner LA 70062
Phone: 504-508-6414
Fax: 855-898-1627
**Attorney for Petitioner**

PLEASE SERVE:

Winn-Dixie Montgomery, LLC
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70801

4


Certified True and
Correct Copy
CertID: 2022090100157

*Kallin Leto*

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
9/1/2022 1:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court  20220002669
Filed Aug 31, 2022 2:27 PM          F
Kelsey Miller
Deputy Clerk of Court

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

CASE NO:                                                                SECTION:

MARY KENNER

VERSUS

WINN-DIXIE MONTGOMERY, LLC

FILED:_____     _____
                                                     DEPUTY CLERK

**<u>NOTICE OF ADDRESS ASSIGNMENT</u>**

TO:   CLERK OF COURT

YOU ARE HEREBY requested to send to us as Attorney of Record for

**PETITIONER** any notices, including judgments, court dates, orders, minute entries, rule

to show cause dates, etc., in accordance with La. C.C.P. arts. 1571, 1572, 1913 and 1914

to the following address:

**525 Clay Street
Kenner LA 70062
Phone: 504-508-6414
Fax: 855-898-1627**

SPECIAL NOTICE is further requested of any orders setting security for costs,

orders requiring posting of any bond before a set date, especially in regard to a jury trial

or any other actions such as the filing of pleadings or bonds or any other thing which

would institute the running of any delays within which to file pleadings, bonds or any

other thing into the record of this case.

Respectfully submitted:

LAW OFFICE OF DONALD D'AUNOY JR, LLC

Donald D'Aunoy Jr. #31123
525 Clay Street
Kenner LA 70062
Phone: 504-508-6414
Fax: 855-898-1627
**Attorney for Petitioner**

5

Certified True and
Correct Copy
CertID: 2022090100158

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
9/1/2022 1:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).